J-S05036-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC JAMES STULL, | : | |
| | : | |
| Appellant | : | 1208 WDA 2017 |

Appeal from the Judgment of Sentence April 24, 2017
in the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000198-2016

BEFORE:   OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MARCH 29, 2018**

Eric James Stull (Appellant) appeals from the April 24, 2017 judgment of sentence imposed following a guilty plea to 34 counts of rape of a child, 34 counts of involuntary deviate sexual intercourse (IDSI), 34 counts of unlawful contact with a minor, and 30 counts of corruption of a minor.  We affirm in part, vacate in part, and remand for proceedings consistent with this memorandum.

> The charges relate to a child-victim that was abused from the age of 1 year 11 months through 11 years 11 months …. Factually, [Appellant] was the child-victim's adoptive father, and he repeatedly sexually abused the victim-child over the course of over 10 years while simultaneously being married to the victim-child's adoptive mother.
>
> [Appellant] engaged the child-victim in oral sex, fondling, anal intercourse[,] and vaginal intercourse.  [Appellant] documented the abuse through photographs and videos, that he saved to his computer and other devices.  The offenses were only

*Retired Senior Judge assigned to the Superior Court.

discovered as a result of a criminal investigation relating to the downloading and sharing of child pornography.

Order, 8/4/2017, at 2-3 (unnumbered).

Appellant rejected the Commonwealth's plea offer of 20 to 40 years of incarceration, and entered an open guilty plea on October 12, 2016.

Following a hearing on March 17, 2017, Appellant was found to be a sexually violent predator (SVP). On April 18, 2017, the trial court sentenced Appellant to an aggregate sentence of 340 to 680 years of incarceration. Specifically, the trial court sentenced Appellant to:

- 10 to 20 years of incarceration at each of the 34 counts of rape of a child, to be served consecutively to each other;

- 10 to 20 years of incarceration at each of the 34 counts of IDSI, to be served consecutively to each other and concurrently to the periods of incarceration imposed for rape of a child; and

- 10 to 20 years of incarceration at each of the 34 counts of unlawful contact with a minor, to be served consecutively to each other and concurrently to the periods of incarceration imposed for rape of a child and IDSI.

Appellant timely filed a post-sentence motion and amended motion. Following a hearing on July 31, 2017, the trial court denied the motions.

J-S05036-18

Appellant timely filed a notice of appeal.[1]  Appellant raises the following

questions for this Court's review.

1. Whether the [trial] court erred in finding that Appellant's open
   plea was made knowingly, willingly, and voluntarily?

2. Whether the [trial] abused its discretion in sentencing
   Appellant to 340 years to 680 years of incarceration?

3. Whether the sentence of 340 years to 680 years of
   incarceration amounts to cruel and unusual punishment with
   regard to Appellant in this case?

4. Whether the framework under 42 Pa.C.S.[] § 9799.24(e)(3)
   regarding the designation of a convicted defendant as a[n SVP]
   is unconstitutional?

Appellant's Brief at 12 (reorganized for convenience of disposition; trial court

answers omitted).[2]

I.

We first address Appellant's claim that his open plea was not made

voluntarily.[3]  Appellant did not seek in his post-sentence motion to withdraw

---

[1] Appellant complied with Pa.R.A.P. 1925(b).  The trial court complied with
Pa.R.A.P. 1925(a) by issuing a statement indicating its reliance on its August
4, 2017 order.

[2] Because we find that Appellant's designation as an SVP is unconstitutional,
Appellant's fifth claim that the trial court erred in finding him an SVP is moot,
and we will not address it.  *See Commonwealth v. T.J.W.*, 114 A.3d 1098,
1102 (Pa. Super. 2015) ("This Court does not render advisory opinions.").

[3] Appellant additionally argues on appeal that counsel was ineffective for
failing to explain the differences between an open plea and a negotiated plea.
Appellant's Brief at 34-35.  Except for rare circumstances not applicable here,
ineffective assistance of counsel claims can be raised only in Post-Conviction
Relief Act proceedings.  *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa.
2002) ("[A]s a general rule, a petitioner should wait

- 3 -

his plea as being involuntarily entered. Rather, he sought reinstatement of the Commonwealth's plea offer.[4] In denying this motion, the trial court found as follows.

> The [trial] court notes that [Appellant] testified that he did not fully appreciate the "generosity" of the Commonwealth in offering a sentence of not less than 20 years nor more than 40 years. However, upon questioning, the court believes that [Appellant] recognized that the entry of an open plea caused him to be exposed to a sentence potentially greater than what he would have received if he accepted the plea agreement.

---

to raise claims of ineffective assistance of trial counsel until collateral review.").

[4] Appellant also argues on appeal that his plea was involuntary because the trial court failed to notify Appellant of the correct sentencing ranges. Appellant's Brief at 33. Appellant did not raise this claim in his post-sentence motions. Rather, the trial court *sua sponte* noted at the July 31, 2017 post-sentence hearing that it incorrectly advised Appellant at the time of his plea that his maximum possible sentence for each count of rape of a child was 20 years, when in fact it was 40 years. No further discussion or argument was presented as to this issue at that time. N.T., 7/31/2017, at 4. Instead, Appellant did not raise this as a basis to challenge the voluntariness of his plea until his 1925(b) statement. Appellant's 1925(b) Statement, 8/25/2017, at 1 (unnumbered).

> [A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. … Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas … in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) (citations omitted). Accordingly, this argument is waived.

The court heard testimony [from Appellant] at the post-sentence motion hearing and is convinced that [Appellant] weighed his options and rejected the plea offer of 20-40 years presented by the Commonwealth. [Appellant] testified that he knew he would be nearly 70 years old before he would be considered for release.

The court is satisfied that [Appellant] was informed as to the plea agreement, that he understood the risks associated with an open plea, that he understood the charges, this his plea was factually based, and that it was a knowing, voluntary and intelligent waiver of his trial rights, and that he understood the potential for a sentence in excess of the plea agreement.

***

In any event, [Appellant] has acknowledged he does NOT wish to withdraw his plea of guilty, he simply seeks a shorter sentence or seeks the opportunity to accept the agreement which he knowingly rejected, [and] the court DENIES that motion.

Order, 8/4/2017, at 5-7 (unnumbered) (unnecessary capitalization omitted).

The record demonstrates that at the time of Appellant's plea, he acknowledged that he was offered a plea agreement and he was rejecting that offer. N.T., 10/12/2016, at 3, 9. The trial court and Appellant's counsel both conducted thorough oral colloquies, during which counsel asked questions regarding the rights that Appellant was waiving by pleading guilty, and the trial court ensured that Appellant's reported medications did not impede his ability to understand the proceedings. *Id.* at 5-10, 16. Appellant completed a written colloquy with his attorney's assistance because he was handcuffed, and he signed that document. *Id.* at 10. Appellant testified that the underlying conduct was that he "had inappropriate contact with [his]

daughter." *Id.* at 11. Appellant corrected the Commonwealth's mistaken contention that the "inappropriate contact" began when his daughter was one month old, and when the attorney for the Commonwealth stated that she hopes he spends the rest of his life in jail, Appellant responded that her "personal wishes, ma'am, have no bearing on me outside the law. I will take whatever punishment I need to. I will abide and won't argue with the Judge." *Id.* at 12-13.

The evidence of record clearly demonstrates that Appellant was an active participant in his plea proceeding and that he understood the ramifications of entering an open guilty plea. While in hindsight Appellant made an unwise decision, this Court agrees with the trial court that Appellant voluntarily rejected the Commonwealth's plea offer and entered an open guilty plea, subjecting himself to the discretion of the trial court in fashioning his sentence. Accordingly, assuming we have the power to reinstate the Commonwealth's plea offer, we see no reason to do so.

II.

We turn now to Appellant's claims regarding the discretionary aspects of his sentence, mindful of the following.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P.

- 6 -

> 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant timely filed a post-sentence motion and notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. Thus, he has satisfied the first three requirements. We now consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and quotation marks omitted).

In his 2119(f) statement, Appellant presents three arguments: (1) the consecutive imposition of standard range sentences for an aggregate sentence of 340 to 680 years of incarceration is excessive because "[i]t amounts to a life sentence many times over[;]" (2) the trial court "relied on impermissible factors [(the terms of the rejected plea agreement)] in imposing the

sentence[;]" and (3) the trial court disregarded Appellant's "mental health and need for rehabilitation[.]"  Appellant's Brief at 17, 19, 20-21.

## A.

We begin with Appellant's first argument.

> Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.  Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (citations and quotation marks omitted).  In ***Prisk***, this Court found that Prisk's aggregate sentence of 633 to 1,500 years of incarceration was not excessive in light of the conduct at issue.

> Although a substantial question appears to exist on the surface, we must emphasize that the jury found Appellant guilty of three hundred and fourteen (314) separate offenses. These offenses stemmed from Appellant's systematic sexual abuse of his stepdaughter, which occurred on an almost daily basis over the course of six years. Further, the court did not impose consecutive sentences for every count. At the same time, Appellant was not entitled to a "volume discount" for his multiple offenses.  Based upon the foregoing, we will not deem the aggregate sentence as excessive in light of the violent criminal conduct at issue.  Therefore, Appellant's challenge to the imposition of the consecutive sentences as excessive merits no relief.

***Id.*** at 533 (citations omitted).

- 8 -

On the other hand, this Court has held that consecutive sentences on each of 96 counts of possession of child pornography, resulting in an aggregate sentence of 72 to 192 years of incarceration, was excessive.

> Finding this case to be akin to **Commonwealth v. Dodge**, 957 A.2d 1198 (Pa.[ ]Super.[ ]2008)[], a panel of this Court concluded the trial court abused its discretion in sentencing Appellant, who was at the time of sentencing twenty-five years old, to a virtual life sentence under the facts and circumstances of this case. Accordingly, while this Court affirmed Appellant's convictions, the panel vacated the original judgment of sentence and remanded for resentencing.

**Commonwealth v. Austin**, 66 A.3d 798, 801 (Pa. Super. 2013) (footnote and some citations omitted). On appeal from the imposition of a new sentence, this Court found that "in light of the criminal conduct at issue, and the length of the imprisonment, [] the trial court's imposition of consecutive sentences on some of the counts, resulting in an aggregate sentence of 35 years to 70 years in prison, does not present a substantial question." **Id.** at 809.

This Court's decision to reverse the *de facto* life sentence in **Austin** is distinguishable from the decision to affirm the *de facto* life sentence in **Prisk** based on the underlying conduct. Austin was convicted of 96 counts of possession of child pornography, whereas Prisk was convicted of 314 counts pertaining to the systematic sexual abuse of his stepdaughter over six years. While this Court does not diminish the seriousness of child pornography crimes, it is beyond peradventure that the criminal conduct at issue in **Prisk**,

*i.e.* subjecting a child to almost daily sexual abuse over the course of six years, is of a more violent nature. Additionally, this Court found in both cases that when the trial court did not sentence consecutively on every count, the resulting aggregate sentence was not excessive.

Instantly, we find that the underlying criminal conduct of this case is more akin to **Prisk**. Here, Appellant pled guilty to 132 counts for conduct stemming from the systematic sexual abuse of his adopted daughter over the course of ten years, which included the creation of videos and images capturing the acts. The trial court sentenced Appellant in the standard range on 102 of those counts, and did not sentence Appellant consecutively on every count. Accordingly, we do not find that Appellant's aggregate sentence was excessive given the criminal conduct at issue in this case.

B.

In asserting that the trial court erred in considering the rejected plea bargain, Appellant raises a substantial question for review in his second argument regarding the discretionary aspects of sentencing. **See Commonwealth v. Allen**, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) (citations omitted) ("This Court has recognized that a claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question."). However, there is no evidence of record that the trial court considered the terms of the rejected plea offer in fashioning Appellant's sentence.

The [trial] court has acknowledged to the record that the court learned of the offer made by the Commonwealth from a newspaper article the day after the open plea and prior to sentencing. No plea offer was presented to the court[;] had the court heard the offer it would have considered all relevant factors in determining the appropriateness of the plea.

Order, 8/4/2017, at 6 (unnumbered) (unnecessary capitalization omitted). Given the complete lack of evidence in the record that the trial court in any way considered the terms of the plea agreement in fashioning Appellant's sentence, we find no abuse of discretion by the trial court.

C.

Appellant also raises a substantial question for review in his final argument regarding the discretionary aspects of sentencing. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769–70 (Pa. Super. 2015) (*en banc*) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation and internal quotation marks omitted). Nonetheless, Appellant's claim ultimately fails. The trial court here had the benefit of a presentence investigation report and thus is presumed to have considered all relevant information. *See Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (holding that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive."). Accordingly, we find no abuse of discretion by the trial court.

III.

We now consider Appellant's claim that his aggregate sentence of 340 to 680 years of incarceration constitutes cruel and unusual punishment. We review this claim with the following in mind.

> [T]he guarantee against cruel punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution. The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are *grossly disproportionate* to the crime.
>
> In **Commonwealth v. Spells**, [] 612 A.2d 458, 462 ([Pa. Super. ]1992) (*en banc*), this Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in **Solem v. Helm**, 463 U.S. 277[] (1983):
>
> > [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
>
> **Spells**, 612 A.2d at 462 (quoting **Solem**, 463 U.S. at 292[]). However, this Court is not obligated to reach the second and third prongs of the **Spells** test unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.

**Commonwealth v. Lankford**, 164 A.3d 1250, 1252–53 (Pa. Super. 2017) (some citations and quotation marks omitted).

Appellant does not present an argument as to how the gravity of the offense and the harshness of the penalty are disproportionate. This Court has previously noted that "[s]exual crimes against children unmistakably continue to pose a significant harm to the physical and emotional well-being of children. Categorically, they remain 'crimes of great severity.'" *Commonwealth v. Elia*, 83 A.3d 254, 269 (Pa. Super. 2013). Appellant was sentenced in the standard range of his sentencing guidelines to a period of incarceration of 10 to 20 years on each of 34 counts of rape of a child, 34 counts of IDSI, and 34 counts of unlawful contact with a minor. Certainly, these individual sentences are not disproportionate to the gravity of Appellant engaging in "oral sex, fondling, anal intercourse[,] and vaginal intercourse" with his adopted child from the approximate ages of two to twelve years old. Order, 8/4/2017, at 3 (unnumbered). Because Appellant has not satisfied the first prong of the *Spells* test, we need not reach the second and third prongs. Accordingly, we find that Appellant's sentence does not constitute cruel and unusual punishment.[5]

---

[5] Appellant also argues that his sentence constitutes cruel and unusual punishment because his aggregate sentence amounts to "a life sentence by any stretch of the imagination. In so doing, the [trial] court has foreclosed upon Appellant any opportunity to become a productive member of society following his incarceration and rehabilitation." Appellant's Brief at 36. Appellant's argument that his **aggregate** sentence constitutes cruel and unusual punishment because it is a *de facto* life sentence implicates the discretion of the trial court to sentence Appellant consecutively. Appellant raises the same argument within his discretionary-aspects-of-sentencing claim, Appellant's Brief at 28, which we addressed at length, *supra* at 7-10.

IV.

Finally, we address Appellant's claim that his designation as an SVP is unconstitutional. During the pendency of this appeal, this Court issued a ruling on this specific issue in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017).[6]

> [S]ince our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2013)] and **Alleyne** [**v. United States**, 570 U.S. 99 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses [,]" 42 Pa.C.S.[] § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. S[ubs]ection 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained to hold that [sub]section 9799.24(e)(3) is unconstitutional and [a]ppellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

**Id.** at 1217–18.

Pursuant to **Butler**, we conclude that the March 20, 2017 order deeming Appellant an SVP is unconstitutional. Accordingly, we vacate that portion of

---

[6] Appellant acknowledged that he did not raise his **Butler** claim before the trial court. Appellant's Brief at 27. While Appellant raises this claim for the first time on appeal, we may review it. **See, e.g., Butler**, 173 A.3d at 1214 (holding that while issues not raised before the trial court are generally waived for appellate purposes, a challenge to the legality of a sentence need not be preserved in the trial court in order to be reviewable).

Appellant's sentencing order requiring him to register as an SVP for life, and remand for the trial court to provide him with the appropriate notice of his registration obligations under 42 Pa.C.S. § 9799.23.

Portion of Appellant's sentencing order requiring him to register as an SVP for life vacated. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.[7]

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/29/2018

---

[7] We note that Appellant's counsel cited an unpublished memorandum in his brief. **See** Appellant's Brief at 36. We remind counsel that this is prohibited, and refer him to Superior Court Operating Procedure § 65.37(A) regarding citation to unpublished memoranda.